## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Agreement") is made and entered into as of the _____ day of July, 2012, by and between **JEREMY GUGINO**, Bankruptcy Trustee for the Estate of Dean and Gail Borup (Bankruptcy Case No. 10-02943-JDP) (hereinafter "Gugino"), **RICHARD CRAWFORTH**, Bankruptcy Trustee for the Estate of Keith and Judy Borup (Bankruptcy Case No. 10-02944-TLM) (hereinafter "Crawforth") (Gugino and Crawforth are sometimes referred to hereinafter as the "Trustees"), **DEAN BORUP** and **GAIL BORUP** (husband and wife, sometimes referred to herein as "Dean & Gail"); **KEITH BORUP** and **JUDY BORUP** (husband and wife, sometimes referred to herein as "Keith & Judy") (Dean & Gail and Keith & Judy are sometimes referred to herein jointly as the "Debtors") and the following entities or individuals (designated in paragraphs 1-56 below - which are sometimes referred to herein as "Defendants") (the Trustees, Dean & Gail, Keith & Judy, and the Defendants are collectively referred to herein as the "Parties"):

1. **NEILSON, INC.**, an Idaho corporation;
2. **BORUP CONSTRUCTION, INC.**, an Idaho corporation;
3. **BORUP CONSTRUCTION PARTNERSHIP**, an Idaho general partnership;
4. **7 DWARVES FAMILY LIMITED PARTNERSHIP**, an Idaho limited partnership (aka "7 Dwarfs Limited Partnership");
5. **P. CHARMING INC.**, an Idaho corporation;
6. **E. QUEEN FAMILY LIVING TRUST**, a trust organized under the laws of Idaho;
7. **VALERIE WIXOM**, an individual;
8. **BRIAN D. WIXOM**, an individual;
9. **JENNIFER BORUP**, an individual;
10. **ANGELA JOHNSON**, an individual;
11. **EVON K. JOHNSON**, an individual;
12. **KIMBERLY GROSS**, an individual;
13. **EMILY BORUP**, an individual;
14. **BRIAN D. BORUP**, an individual;
15. **CLARISA BORUP**, an individual;
16. **CHAD J. BORUP**, an individual;
17. **KANDJ FAMILY LIMITED PARTNERSHIP**, an Idaho limited partnership;
18. **BOMETT, INC.**, an Idaho corporation;
19. **JANDK FAMILY LIVING TRUST**, a trust organized under the laws of Idaho;
20. **JULIE PLUMMER**, an individual;
21. **BRENT BORUP**, an individual;
22. **KAREN HEATON**, an individual;
23. **MICHAEL BORUP**, an individual;
24. **DANIEL BORUP**, an individual;

EXHIBIT C

25. **HAPPY, LLC**, an Idaho limited liability company;
26. **SLEPPY, LLC**, an Idaho limited liability company;
27. **DOC, LLC**, an Idaho limited liability company;
28. **BOB TIDWELL TRUST**, a trust organized under the laws of Idaho;
29. **CHRIS BENNETT TRUST**, a trust organized under the laws of Idaho;
30. **MISSION, LLC**, an Idaho limited liability company;
31. **EVAN AND BERNICE STEWART FAMILY TRUST**, a trust organized under the laws of Idaho;
32. **MORGAN AND ELLA HOUSE FAMILY TRUST**, a trust organized under the laws of Idaho;
33. **LAMK, LLC**, an Idaho limited liability company;
34. **2672 S. KERR PLACE TRUST**, a trust organized under the laws of Idaho;
35. **2515 W. MADISON AVENUE TRUST**, a trust organized under the laws of Idaho;
36. **2312 S. ATLANTIC STREET TRUST**, a trust organized under the laws of Idaho;
37. **1008 S. LAREDO CIRCLE TRUST**, a trust organized under the laws of Idaho;
38. **GGTL, LLC**, an Idaho limited liability company;
39. **407 S. GARDEN STREET TRUST**, a trust organized under the law of Idaho;
40. **6215 W. LUCKY LANE TRUST**, a trust organized under the laws of Idaho;
41. **1617 W. TARGEE STREET TRUST**, a trust organized under the laws of Idaho;
42. **7932 W. GRUBSTAKE DRIVE TRUST**, a trust organized under the laws of Idaho;
43. **M&M GROUP, LLC**, an Idaho limited liability company;
44. **2310 N. MERIDIAN ROAD TRUST**, a trust organized under the laws of Idaho;
45. **2250 N. MERIDIAN ROAD TRUST**, a trust organized under the laws of Idaho;
46. **GSPF, LLC**, an Idaho limited liability company;
47. **2114 W. SUNSET AVENUE TRUST**, a trust organized under the laws of Idaho;
48. **4902 W. GAGE STREET TRUST**, a trust organized under the laws of Idaho;
49. **1612 S. PENNINGER DRIVE TRUST**, a trust organized under the laws of Idaho;
50. **1730 N. FRY STREET TRUST**, a trust organized under the laws of Idaho;
51. **WWTKS, LLC**, an Idaho limited liability company;
52. **10085 W. TUDOR DRIVE TRUST**, a trust organized under the laws of Idaho;
53. **1411 S. JUANITA STREET TRUST**, a trust organized under the laws of Idaho;
54. **251 E. 4TH STREET TRUST**, a trust organized under the laws of Idaho;

55. **4820 W. WYMOSA STREET TRUST**, a trust organized under the laws of
    Idaho;

56. **4912 W. WYLIE LANE TRUST**, a trust organized under the laws of Idaho.

## RECITALS

**A.**    **WHEREAS**, certain disputes and controversies have arisen between the Parties hereto;

**B.**    **WHEREAS**, Dean and Gail Borup filed a petition initiating a case under Chapter 7 of the US Bankruptcy Code, Bankruptcy Case No. 10-02943-JDP (the "D&G Bankruptcy Case"); and

**C.**    **WHEREAS**, Gugino was duly appointed as the Chapter 7 Trustee for the D&G Bankruptcy Case; and

**D.**    **WHEREAS**, Keith and Judy Borup filed a petition initiating a case under Chapter 7 of the US Bankruptcy Code, Bankruptcy Case No. 10-02944-TLM (the "K&J Bankruptcy Case"); and

**E.**    **WHEREAS**, Crawforth was duly appointed as the Chapter 7 Trustee for the K&J Bankruptcy Case; and

**F.**    **WHEREAS**, the Trustees possess certain claims for fraudulent transfers and/or piercing the veil/alter ego against the Defendants, which have been asserted through two separate adversary proceedings entitled "*Jeremy Gugino v. 7 Dwarves Family Limited Partnership, et al.*", Adv. Case No. 11-06031-JDP, and "*Richard Crawforth v. KandJ Family Limited Partnership, et al.*", Adv. Case No. 12-06018-TLM (both cases were later consolidated into the 11-06031-JDP matter) (the "Claims");

**G.**    **WHEREAS**, in settlement of the dispute, the Defendants agree to transfer certain property to the Trustees; to waive any right to file a Proof of Claim in this matter; and certain other things, described in further detail below;

**H.**    **WHEREAS**, in settlement the Trustees agree to waive any and all claims asserted in the adversary proceedings against the Defendants and certain other things as described further below; and

**I.**    **WHEREAS**, it is the intention of the Parties to settle the Claims as the Parties have reached a mutually acceptable agreement which will result in a settlement of the Claims against the Defendants.

## AGREEMENTS AND RELEASES

**NOW, THEREFORE**, in consideration of the mutual promises, terms, obligations and undertakings set forth herein, and other good and valuable consideration,

the sufficiency and adequacy of which is hereby acknowledged, the Parties agree as follows:

1.    <u>Transfer of Assets</u>

a.  <u>All</u> of the real properties currently owned by the Defendants are immediately transferred to the Trustees, to be liquidated by the Trustees (including any properties that do not currently appear to have equity).  The properties shall be transferred via Quitclaim deed in the forms attached hereto as Exhibits 1-20.

i.   The bankruptcy estates agree to initially employ Richard Thurber as a Realtor® to market and sell the real properties (provided his employment can be approved by the bankruptcy courts).  However, for any of the residential properties (defined below), if Mr. Thurber does not have an approved contract for the sale of the property in place within 90 days of court approval of this compromise, the Trustees shall have full and complete discretion to market the properties with whom, and however, they see fit.  For the commercial property (defined below), if Mr. Thurber does not have an approved contract for the sale of the property in place within 120 days of court approval of this compromise, the Trustees shall have full and complete discretion to market those properties with whom, and however, they see fit.

ii.   The bankruptcy estates shall receive 85% of the net proceeds of the sale of the properties.  The remainder of the proceeds shall be paid to the law firm of Foley Freeman, PLLC, trust account on behalf of the Defendants.

iii.   All sales of residential property (i.e., every real property except 2250 and 2310 N. Meridian Road) must be closed and funded within 6 months of approval of the settlement.  If properties aren't sold by that date, the bankruptcy estates shall be entitled to retain <u>all</u> of the net proceeds from the eventual sale of those properties.

iv.   All sales of commercial property (i.e., 2250 and 2310 N. Meridian Road) must be under contract for sale within four (4) months of approval of the settlement.  If those properties *are not* under contract by that date, the bankruptcy estates shall be entitled to retain <u>all</u> of the net proceeds from the eventual sale of those properties.  If those properties *are* under contract after the four month period, but the contract does not result in a closed sale, the bankruptcy estates shall be entitled to retain <u>all</u> of the net proceeds from the eventual sale of those properties.

    v.    All properties will be listed as soon as possible, with offers being entertained immediately upon approval of this compromise.

    vi.    The Trustees reserve the right, at any time, to abandon any of the real properties being transferred to the bankruptcy estates.

b.  Cobblestone Property Management is currently holding collected rents pursuant to a Preliminary Injunction entered in Adv. Case No. 11-06031-JDP.  Those rents shall be divided as follows:

    i.    $20,000.00 of the rents shall be reserved in a segregated account, and used for regular maintenance and insurance for the real properties pending their sale.  In the event the properties are all sold within the six-month period outlined above (or under contract within 120 days, in the case of the commercial properties), any amounts remaining in that account shall be split, with 85% of the proceeds going to the bankruptcy estates, and the remaining 15% to the Defendants. In the event the properties are not sold within the six-month period outlined above (or under contract within 120 days, in the case of the commercial properties), any and all amounts remaining in that account shall be paid to the bankruptcy trustees.

    ii.    85% of the remaining funds currently being held by Cobblestone Property Management shall immediately be released to the bankruptcy estates.  The remaining 15% of the current funds shall be paid the law firm of Foley Freeman, PLLC, trust account on behalf of the Defendants.

    iii.    In addition, 85% of any rents collected from the various real properties pending the final sales of the properties will also be property of the bankruptcy estates, with the remaining 15% being paid to the law firm of Foley Freeman, PLLC, trust account on behalf of the Defendants.   In the event the properties are not sold within six months of approval of the compromise (or, in the case of the commercial properties, under contract within 120 days), the bankruptcy estates shall then be entitled to 100% of the rent proceeds.

c.  85% of the gold coins presently held by Dean Borup or 7 Dwarves FLP (or any other entity related to Dean Borup) (believed to be 17 coins) shall immediately be turned over to his bankruptcy trustee, Jeremy Gugino.

    d.   Keith Borup (or an entity related to him) previously sold his gold coins for $32,200.00.  Keith Borup (or an entity related to him) shall immediately turn over to his bankruptcy trustee, Richard Crawforth, 85% of the value received for his gold coins, or $27,370.00.

    e.   85% of the present balance in any bank accounts held by any of the Defendants, including bank accounts belonging to 7 Dwarves FLP, Neilson, Inc., KandJ FLP, and Bomett, Inc., which were previously frozen by court order, shall immediately be turned over to the bankruptcy estates.

2.    <u>Releases</u>.

    a.   <u>Release by Trustees</u>.  The Trustees hereby knowingly and voluntarily agree and warrant to forever discharge, release, and hold harmless the Defendants, and their successors and assigns, from any and all claims, demands, and causes of actions, legal, equitable, or otherwise, now known or subsequently discovered which may hereafter accrue on account of or in any way arising out of, or related to any of the Claims. This is a complete and full release of any and all claims, legal, equitable, or otherwise, by the undersigned, and without limitation except as expressly provided for herein (including the contingency of court approval).

    b.   <u>Release by Defendants</u>.  The Defendants hereby knowingly and voluntarily agree and warrant to forever discharge, release, and hold harmless the Trustees and the Estates, and their successors and assigns, from any and all claims, demands, and causes of actions, legal, equitable, or otherwise, now known or subsequently discovered which may hereafter accrue on account of or in any way arising out of, or related to any of the Claims.  This is a complete and full release of any and all claims, legal, equitable, or otherwise, by the undersigned, and without limitation except as expressly provided for herein (including the contingency of court approval).

3.    <u>Recitals Incorporated by Reference.</u> The Parties incorporate into this Agreement, as part of the terms of this Agreement, the "Recitals" set forth above.

4.    <u>Contingent</u>.  The Settlement contemplated by this Agreement is contingent upon full and complete acceptance by the Bankruptcy Judges presiding over the separate bankruptcy cases (Case Nos. 10-02943-JDP and 10-02944-TLM).  Absent such acceptance by both bankruptcy judges, this Settlement shall be null and void and inadmissible in any subsequent proceeding pursuant to Federal Rule of Evidence 408.

5.      <u>Not an Adjudication</u>.  This Settlement, provided it is approved by the court, does not serve as a final adjudication of any of the claims made in the adversary proceedings.  No res judicata or collateral estoppel shall attach to any of the claims made by the Trustees or defenses raised by the Defendants in the adversary proceedings.

6.      <u>Disposition of Settlement Funds</u>.  Any and all assets transferred to the bankruptcy estates shall be split by the separate bankruptcy estates consistent with, and/or pursuant to, the previously-approved compromise between the two estates.

7.      <u>Attorney Fees and Costs for litigation</u>.  The parties shall bear their own attorney fees and costs as against each other.  Administrative fees for the bankruptcy estates (including attorney fees and costs) shall be paid by the respective bankruptcy estates pursuant to the Bankruptcy  Code and Rules governing compensation of professionals.

8.      <u>Waiver of Right to Claim Exemption(s)</u>.  Notwithstanding any rights they may have under the Bankruptcy Code, all Defendants and the Debtors waive any and all claims of exemption in any of the property being transferred or recovered by the bankruptcy estates, including the proceeds of any of the sales of property contemplated by this Agreement.

9.      <u>Waiver of Right to file Proof of Claim</u>.  Notwithstanding any rights they may have under 11 U.S.C. §502, the Defendants waive any right they may have to file a Proof of Claim in the Bankruptcy Case arising out of this Settlement.  This waiver is contingent upon bankruptcy court approval of this Settlement.

10.     <u>Covenant to Pursue Sales in Good Faith</u>.  Provided this Settlement is approved by the bankruptcy court, the Trustees hereby covenant to pursue the sales of property in good faith, without needlessly causing additional expense or delay.

11.     <u>Purchases by Defendants or Debtors</u>.  The Defendants and/or Debtors shall be allowed to make offers to purchase any property being sold by the Trustees, including bidding at any auctions held by the Trustees.  However, in the event the Defendants and/or Debtors make any offers to purchase property (either through an offer to purchase, or through a bid at an auction), the Defendants and/or Debtors must fully disclose to the Trustees the source of any and all funds used to make the purchase.  If the Defendants or the Debtors fail to fully disclose their source of funds (or, if the source of the funds is something that would otherwise be recoverable by the Trustees), all Defendants and/or the Debtors immediately forfeit any further claim to the properties or income from the properties (including any claim to 15% of the net proceeds from any sale of the properties), and must immediately return to the bankruptcy estates any funds retained prior to that time (received pursuant to the terms of this settlement agreement).

12.    Tax consequences and tax returns:

    a.  If the terms of this compromise, and/or the allocation of properties pursuant hereto, affects any previously-filed tax returns or other government-related documents filed by the Debtors or the Defendants, the consequences for the terms of this compromise (including any tax penalties stemming therefrom) shall be the sole and complete responsibility of the Debtors and/or Defendants.  The bankruptcy estates shall have no liability for any adverse tax consequences for previously-filed tax documents.

    b.  If the tax returns for the 2011 tax year for any of the Defendants (the "2011 tax returns") are not already completed, it shall be the Debtors and/or Defendants sole and complete responsibility to ensure the timely filing of said tax returns.  Any costs (including accountant fees) incurred to file the 2011 tax returns shall be born solely by the Debtors or Defendants.  In addition, any penalties, fees or costs incurred by the failure to timely file the 2011 tax returns shall be born solely by the Debtors or Defendants.

13.    Warranty.  The Parties warrant that each have agreed to enter into this Agreement knowingly and voluntarily and not in reliance upon any promise, inducement, or agreement, other than that which is specified herein.

14.    Cause of Action for Breach. If any Party violates this Agreement, the other Party or Parties shall have a cause of action for the breach.  In such an action, the prevailing Party or Parties shall be entitled to recover from the breaching Party or Parties, in addition to any other relief provided by law or equity, such costs and expenses (including reasonable attorney's fees) as may be incurred by the prevailing Party or Parties in enforcing or otherwise applying the terms of this Agreement.  Any action under this paragraph shall not in any way invalidate or nullify the settlement or any other terms of this Agreement.

15.    Entire Agreement.  This Agreement and any references hereto contains the entire understanding between the Parties and supersedes all pre-existing or contemporaneous agreements or understandings, oral or written, respecting the subject matter hereof.

16.    No Oral Modifications. This Agreement may be modified in whole or in part only by an agreement in writing executed by the Parties or their counsel.

17.    Independent Legal Advice. Each of the Parties have received or declined to receive independent legal advice from legal counsel of their choice with respect to the advisability of making the settlement and release provided for herein and with respect to the advisability of executing this Agreement.  The Defendants and Debtors have each reviewed and revised the terms of this Agreement.

18.    <u>Severability</u>.  The Parties acknowledge that the purpose of this Agreement is to settle disputes and release claims, and in the event for any reason that any provision or portion of this Agreement shall be found to be void or invalid, the Parties will continue to interpret this Agreement to accomplish the stated purpose.

19.    <u>Investigation</u>. Each of the Parties have read the Agreement carefully, knows and understands the contents thereof, and has made such investigation of the facts pertaining to the settlement and this Agreement and of all matters pertaining hereto as it deems necessary or desirable.  No Party has relied upon any statement, representation, or promise of any other Party, or of any representative or attorney for any other Party, in executing this Agreement or in making the settlement provided for herein.

20.    <u>Governing Law</u>.  This Agreement shall be governed and construed in accordance with the laws of the State of Idaho in all respects, including matters of construction, enforcement and performance, without regard to principles of conflicts of laws.  The Parties agree that the venue of any action to enforce this Agreement shall be in the United States Bankruptcy Court for the District of Idaho, before Judge Jim D. Pappas.

21.    <u>Counterparts</u>.   This Agreement may be executed in two or more counterparts, transmitted by facsimile or otherwise, each of which shall be deemed an original, and all of which together shall constitute a single instrument.

22.    <u>Waiver</u>. Failure of a party to exercise a right upon default of the other party shall not be construed as a waiver of a right to insist upon full performance of all the terms and conditions of this Agreement.

IN WITNESS WHEREOF the Parties have caused this Agreement to be executed the day and year first above written.


_____
**Jeremy J. Gugino**, Trustee for the
Bankruptcy Estate of Dean and Gail Borup

_____
**Richard Crawforth**, Trustee for the
Bankruptcy Estate of Keith and Judy
Borup


_____
**Dean Borup**

_____
**Gail Borup**


_____
**Keith Borup**

_____
**Judy Borup**

_____

**Valerie Wixom**

_____

**Brian D. Wixom**


_____

**Jennifer Borup**

_____

**Angela Johnson**


_____

**Evon K. Johnson**

_____

**Kimberly Gross**


_____

**Emily Borup**

_____

**Brian D. Borup**


_____

**Clarisa Borup**

_____

**Chad J. Borup**


_____

**Julie Plummer**

_____

**Brent Borup**


_____

**Karen Heaton**

_____

**Michael Borup**


_____

**Daniel Borup**

**NEILSON, INC.**

_____
By: Keith Borup
Its: President


**BORUP CONSTRUCTION, INC.**

_____
By: Keith Borup
Its: President


**BORUP CONSTRUCTION PARTNERSHIP**

_____
By: Keith Borup
Its: Partner


_____
By: Dean Borup
Its: Partner


**7 DWARVES LIMITED PARTNERSHIP (aka 7 Dwarfs Limited Partnership)**

_____
By: P. Charming, Inc.
Its: General Partner
        By: Dean Borup
        Its: President


**P. CHARMING, INC.**

_____
By: Dean Borup
Its: President

**E. QUEEN FAMILY LIVING TRUST**

_____
By: Dean Borup
Its: Co-Trustee


_____
By: Gail Borup
Its: Co-Trustee


**KANDJ LIMITED PARTNERSHIP**

_____
By: Bomett, Inc.
Its: General Partner
          By: Keith Borup
          Its: President


**BOMETT, INC.**

_____
By: Keith Borup
Its: President


**JANDK FAMILY LIVING TRUST**

_____
By: Keith Borup
Its: Co-Trustee


_____
By: Judy Borup
Its: Co-Trustee

**HAPPY, LLC**

_____
By: Neilson, Inc.
Its: Manager
        By: Keith Borup
        Its: President


**SLEPPY, LLC**

_____
By: Neilson, Inc.
Its: Manager
        By: Keith Borup
        Its: President


**DOC, LLC**

_____
By: Neilson, Inc.
Its: Manager
        By: Keith Borup
        Its: President

**BOB TIDWELL TRUST**

_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President

**CHRIS BENNETT TRUST**

_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President

**MISSION, LLC**

_____
By: Neilson, Inc.
Its: Manager
        By: Keith Borup
        Its: President

**EVAN AND BERNICE STEWART FAMILY TRUST**

_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President

**MORGAN AND ELLA HOUSE FAMILY TRUST**

_____

By: Neilson, Inc.
Its: Trustee
       By: Keith Borup
       Its: President


**LAMK, LLC**

_____

By: Neilson, Inc.
Its: Manager
       By: Keith Borup
       Its: President


**2672 S. KERR PLACE TRUST**

_____

By: Neilson, Inc.
Its: Trustee
       By: Keith Borup
       Its: President


**2515 W. MADISON AVENUE TRUST**

_____

By: Neilson, Inc.
Its: Trustee
       By: Keith Borup
       Its: President

**2312 S. ATLANTIC STREET TRUST**


_____
By: Neilson, Inc.
Its: Trustee
      By: Keith Borup
      Its: President


**1008 S. LAREDO CIRCLE TRUST**


_____
By: Neilson, Inc.
Its: Trustee
      By: Keith Borup
      Its: President


**GGTL, LLC**


_____
By: Neilson, Inc.
Its: Manager
      By: Keith Borup
      Its: President


**407 S. GARDEN STREET TRUST**


_____
By: Neilson, Inc.
Its: Trustee
      By: Keith Borup
      Its: President

**6215 W. LUCKY LANE TRUST**

_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President

**1617 W. TARGEE STREET TRUST**

_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President

**7932 W. GRUBSTAKE DRIVE TRUST**

_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President

**M&M GROUP, LLC**

_____
By: Neilson, Inc.
Its: Manager
        By: Keith Borup
        Its: President

**2310 N. MERIDIAN ROAD TRUST**

_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President

**2250 N. MERIDIAN ROAD TRUST**

_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President

**GSPF, LLC**

_____
By: Neilson, Inc.
Its: Manager
        By: Keith Borup
        Its: President

**2114 W. SUNSET AVENUE TRUST**

_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President

**4902 W. GAGE STREET TRUST**


_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President


**1612 S. PENNINGER DRIVE TRUST**


_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President


**1730 N. FRY STREET TRUST**


_____
By: Neilson, Inc.
Its: Trustee
        By: Keith Borup
        Its: President


**WWTKS, LLC**


_____
By: Neilson, Inc.
Its: Manager
        By: Keith Borup
        Its: President

**10085 W. TUDOR DRIVE TRUST**

_____
By: Neilson, Inc.
Its: Trustee
      By: Keith Borup
      Its: President

**1411 S. JUANITA STREET TRUST**

_____
By: Neilson, Inc.
Its: Trustee
      By: Keith Borup
      Its: President

**251 E. 4TH STREET TRUST**

_____
By: Neilson, Inc.
Its: Trustee
      By: Keith Borup
      Its: President

**4820 W. WYMOSA STREET TRUST**

_____
By: Neilson, Inc.
Its: Trustee
      By: Keith Borup
      Its: President

**4912 W. WYLIE LANE TRUST**

_____

By: Neilson, Inc.
Its: Trustee
      By: Keith Borup
      Its: President

# EXHIBIT 1

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **2472 S. Kerr Place Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho 83705 and the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee**, whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho 83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

Lot 6 in Block 2 of Carmel Subdivision No. 2, according to the plat thereof, filed in Book 46 of Plats at Pages 3740 and 3741, records of Ada County, Idaho.

Commonly known as: 2472 S. Kerr Place, Boise, Idaho 83705

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By: Neilson, Inc., Trustee of 2472 S. Kerr Place Trust
By: Keith S. Borup, President

STATE OF IDAHO    )
                                   ) ss
COUNTY OF ADA    )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1

# EXHIBIT 2

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **6215 W. Lucky Lane Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho  83705 and the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee**, whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho  83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

Lot 5 in Block 2 of Blaser Subdivision No. 7, according to the official plat thereof, filed in Book 18 of Plats at Page 1185, records of Ada County, Idaho.

Commonly known as: 6215 W. Lucky Lane, Boise, Idaho  83703

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By:  Neilson, Inc., Trustee of 6215 W. Lucky Lane Trust
By:  Keith S. Borup, President

STATE OF IDAHO   )
                 ) ss
COUNTY OF ADA    )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1

# EXHIBIT 3

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **7932 W. Grubstake Drive Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho 83705 and the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee**, whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho 83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

Lot 9 in Block 11 of Southwestern Subdivision Unit No. 15, according to the official plat thereof, filed in Book 60 of Plats at Pages 5922 and 5923, records of Ada County, Idaho.

Commonly known as: 7932 W. Grubstake Drive, Boise, Idaho 83709

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____

By: Neilson, Inc., Trustee of 7932 W. Grubstake
Drive Trust
By: Keith S. Borup, President

STATE OF IDAHO   )
                       ) ss
COUNTY OF ADA   )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____

NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1

# EXHIBIT 4

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **2310 N. Meridian Road Trust,** hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho 83705 and the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee,** whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho 83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

A tract of land in Lots 1 and 2 of J.E. Pfosts Subdivision according to the Plat thereof filed in Book 4 of Plats at Page 157, records of Ada County, Idaho, in Section 6, Township 3 North, Range 1 East, more particularly described as follows:

Beginning at a steel pin, at the Northwest corner of Lot 1 of J.E. Pfosts Subdivision, which is 33 feet South and North 89°18'0" 30 feet East from the West Quarter corner of Section 6, Township 3 North, Range 1 East the REAL POINT OF BEGINNING; thence
North 89°18'00" East 311.00 feet to a point; thence South along a line parallel the West Section line of Section 6, 185 feet; thence
North 89°12'00" East 156.00 feet to a point; thence
South 00°01'00" West 93.20 feet to a point; thence
South 89°04'00" West 467.00 feet to a point; thence
North and parallel to the West line of Section 280.00 feet to the REAL POINT OF BEGINNING.

Excepting therefrom that portion conveyed to Ada County Highway District in Warranty Deed recorded February 15, 2001, as Instrument No. 10103636.

Commonly known as: 2310 N. Meridian Road, Meridian, Idaho 83646

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

QUITCLAIM DEED – PAGE 1

WITNESS the hand of said Grantor this _____ day of _____, 2012.


_____
By: Neilson, Inc., Trustee of 2310 N. Meridian
Road Trust
By: Keith S. Borup, President


STATE OF IDAHO    )
                              ) ss
COUNTY OF ADA   )

        On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.


_____
NOTARY PUBLIC
My Commission Expires: _____


QUITCLAIM DEED – PAGE 2

# EXHIBIT 5

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **2250 N. Meridian Road Trust,** hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho  83705 and the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee,** whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho  83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

PARCEL I:
The West 250 feet of that part of Lots 2 and 3 of J. E. PFOST'S SUBDIVISION, according to the official plat thereof, filed in Book 4 of Plats at Page 157, records of Ada County, Idaho, described as follows:

BEGINNING at a steel pin which is North 89°18" East 30.0 feet and South 313.1 feet from the West Quarter corner of Section 6, Township 3 North, Range 1 East: thence
North 88°38'52" East 467.00 feet (formerly North 89°04' East 476.0 feet) to a steel pin; thence
North 88°52'00" East 9.0 feet: thence
South 67°53'29" East 377.78 feet (formerly South 67°30' East 377.6 feet) to a steel pin; thence
South 32°11'42" East 39.99 feet (formerly South 32°27' East 39.8 feet) to a steel pin; thence
South 88°48'37" West 389.26 feet (formerly South 89°08' West 389.6 feet) to a steel pin; thence
South 83°49'27" West 129.18 feet (formerly South 84°10' West 129.3 feet) to a steel pin; thence
South 98°43'49" West 328.22 feet (formerly South 89°05' West 328.5 feet) to a steel pin: thence
North 0°25'30" West and parallel to West side of said Section 6, a distance of 194.09 feet (formerly 194.2 feet) to the POINT OF BEGINNING.

PARCEL II
Part of Lots 2 and 3 of J. E. PFOST'S SUBDIVISION, according to the official plat thereof, filed in Book 4 of plats at Page 157, records of Ada County, Idaho, described as follows:

QUITCLAIM DEED – PAGE 1

BEGINNING at a steel pin which is North 89°18' East 30.0 feet and South 313.1 feet from the West Quarter corner of Section 6, Township 3 North, Range 1 East; thence
North 88°38'52" East 467.00 feet (formerly North 89°04' East 476.0 feet) to a steel pin; thence
North 98°52'00" East 9.0 feet; thence
South 67°53'29" East 377.78 feet (formerly South 67°30' East 377.6 feet) to a steel pin; thence
South 32°11'42" East 39.99 feet (formerly South 32°27' East 39.8 feet) to a steel pin: thence
South 88°48'37" West 389.26 feet (formerly South 89°08' West 389.6 feet) to a steel pin: thence
South 83°49'27" West 129.18 feet (formerly South 84°10' West 129.3 feet) to a steel pin; thence
South 88°43'49" West 328.22 feet (formerly South 89°05' West 328.5 feet) to a steel pin; thence
North 0°25'30" West and parallel to West side of said Section 6, a distance of 194.09 feet (formerly 194.2 feet) to the POINT OF BEGINNING.

EXCEPT the West 250 feet.

PARCEL III
A part of Lot 3 of J. E. PFOST'S SUBDIVISION, according to the official plat thereof, filed in Book 4 of Plats at Page 147.

COMMENCING at the Section corner common to Sections 6 and 7, Township 3 North, Range 1 East, and Section 1 and 12, Township 3 North, Range 1 West, Boise Meridian, Ada County, Idaho; thence

North 0°25'30" West 2,141.22 feet to a point on the Section line and on the centerline of North Meridian Road; thence
North 89°34'30" East 30.00 feet to a 1/2 inch diameter steel pin with a plastic cap on the Easterly right of way line of said North Meridian Road, said point being the TRUE POINT OF BEGINNING; thence
North 88°43'49" East 252.72 feet to a point; thence
South 01°16'11" East 21.00 feet to a point; thence
South 88°43'49" West 118.20 feet to a point; thence
South 0°53'00" East 24.79 feet to a point; thence
North 89°43'16" West 135.02 feet to a point on the said Easterly right-of-way line of North Meridian Road; thence
North 0°25'30" West 42.15 feet on said right-of-way to the TRUE POINT OF BEGINNING.

Commonly known as: 2250 N. Meridian Road, Meridian, Idaho  83646

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

QUITCLAIM DEED – PAGE 2

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____

By:  Neilson, Inc., Trustee of 2250 N. Meridian
Road Trust
By:  Keith S. Borup, President

STATE OF IDAHO    )
                 ) ss
COUNTY OF ADA    )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 3

# EXHIBIT 6

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **2114 W. Sunset Avenue Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho  83705 and the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee**, whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho  83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

> Beginning at the quarter section corner common to Sections 33 and 34, Township 4 North, Range 2 East of the Boise Meridian, Ada County, Idaho; thence North a distance of 690 feet to a point; thence North 89°58' West to a distance of 459.94 feet to a point, said point being at the intersection of the North boundary line of Sunset Avenue and the West boundary line of an alley lying adjacent to and East of the tract of land herein described and being the REAL PLACE OF BEGINNING; Thence running North 89°58' West along the North boundary of Sunset Avenue a distance of 81 2/3 feet to a point on said boundary line; thence running North 0°13' West a distance of 135 feet to a point; thence running South 89°51' East and parallel with the North boundary line of said Sunset Avenue a distance of 81 2/3 feet to a point on the West boundary line of said alley; thence running south 0°13' East on the West boundary line of said alley a distance of 135 feet to the Real PLACE OF BEGINNING.

> Commonly known as: 2114 W. Sunset Avenue, Boise, Idaho  83702

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.


_____

By:  Neilson, Inc., Trustee of 2114 W. Sunset
Avenue Trust
By:  Keith S. Borup, President


STATE OF IDAHO   )
                 ) ss
COUNTY OF ADA    )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.


_____
NOTARY PUBLIC
My Commission Expires: _____


QUITCLAIM DEED – PAGE 2

# EXHIBIT 7

## QUITCLAIM DEED

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **1730 N. Fry Street Trust,** hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho  83705 and the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee,** whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho  83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

That portion of the Southeast Quarter of the Southwest Quarter of Section 6, Township 3 North, Range 2 East, Boise Meridian, Ada County, Idaho, more particularly described as follows:

Beginning at the Quarter Section Corner common to Sections 6 and 7 of said township; thence North 382 feet along the Quarter Section line; thence West 209 feet; thence North 136.3 feet to the TRUE POINT OF BEGINNING; thence North 148 feet to the Center of the North Slough Lateral; thence South 38°12' East 188.33 feet along said center line; thence West 116.48 feet to the TRUE POINT OF BEGINNING.

Commonly known as: 1730 N. Fry Street, Boise, Idaho  83704

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____

By:  Neilson, Inc., Trustee of 1730 N. Fry
Street Trust
By:  Keith S. Borup, President


STATE OF IDAHO   )
                     ) ss
COUNTY OF ADA   )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.


_____
NOTARY PUBLIC
My Commission Expires: _____


QUITCLAIM DEED – PAGE 2

# EXHIBIT 8

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **2312 S. Atlantic Street Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho  83705, hereinafter "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

The North 50 feet of Lot 5 in Block 1 of Amended Plat of Block 1 of Home Acres Subdivision No. 17, according to the official plat thereof, filed in Book 12 of Plats at Page 677, records of Ada County, Idaho.

Commonly known as: 2312 S. Atlantic Street, Boise, Idaho  83705

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By:  Neilson, Inc., Trustee of 2312 S. Atlantic
Street Trust
By:  Keith S. Borup, President

STATE OF IDAHO   )
                                 ) ss
COUNTY OF ADA   )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1

# EXHIBIT 9

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **1617 W. Targee Street Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho 83705, hereinafter "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

> Lot 3 of Roy V. Anderson Subdivision, according to the official plat thereof filed in Book 11 of Plats at Page 566, records of Ada County, Idaho.

> Commonly known as: 1617 W. Targee Street, Boise, Idaho 83705

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By: Neilson, Inc., Trustee of 1617 W. Targee Street Trust
By: Keith S. Borup, President


STATE OF IDAHO    )
                  ) ss
COUNTY OF ADA     )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.


_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1

# EXHIBIT 10

## QUITCLAIM DEED

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **1612 S. Penninger Drive Trust,** hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho  83705, hereinafter "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

Lot 12 in Block 4 of Amended Plat of Lots 1 to 7 and 8 to 14, Block 1, Terra Grande Park No. 1, according to the official plat thereof, filed in Book 16 of Plats at Page 1034, official records of Ada County, Idaho.

Commonly known as: 1612 S. Penninger Drive, Boise, Idaho  83709

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____

By:  Neilson, Inc., Trustee of 1612 S. Penninger Drive Trust
By:  Keith S. Borup, President

STATE OF IDAHO   )
                 ) ss
COUNTY OF ADA    )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1

# EXHIBIT 11

## QUITCLAIM DEED

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **Bob Tidwell Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho 83705, hereinafter "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

Lot 5 in Block 1 of Gordon Subdivision according to the official plat thereof, filed in Book 9 of Plats at Page 465, official records of Ada County, Idaho.

Commonly known as: 2615 W. Edson, Boise, Idaho 83705

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By: Neilson, Inc., Trustee of Bob Tidwell Trust
By: Keith S. Borup, President

STATE OF IDAHO    )
                  ) ss
COUNTY OF ADA    )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1

# EXHIBIT 12

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **Chris Bennett Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho 83705, hereinafter "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

Lot 2 in Block 1 of Borup Subdivision according to the official plat thereof, filed in Book 99 of Plats at Pages 12667-12669, official records of Ada County, Idaho.

Commonly known as: 8557 West Evening Star Drive, Boise, Idaho 83709

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By: Neilson, Inc., Trustee of Chris Bennett Trust
By: Keith S. Borup, President

STATE OF IDAHO   )
                 ) ss
COUNTY OF ADA    )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1

# EXHIBIT 13

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **7 Dwarfs Limited Partnership**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Dean and Gail Borup (Case No. 10-02943-JDP, Jeremy Gugino, Trustee** whose address is 410 S. Orchard St., Ste. 144, Boise, Idaho  83705, hereinafter "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

Lot 12 in Block 3 of Carmichael Subdivision No. 2, according to the official plat thereof, filed in Book 90 of Plats at Pages 10487 through 10489, official records of Ada County, Idaho.

Commonly known as: 7903 S. Rafael Way, Boise, Idaho  83709

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By:  P. Charming, Inc., General Partner of 7 Dwarfs
Limited Partnership
By:  Dean M. Borup, President

STATE OF IDAHO   )
                 ) ss
COUNTY OF ADA   )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared DEAN M. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of P. Charming, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1

# EXHIBIT 14

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **1008 S. Laredo Circle Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee**, whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho  83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

>   Lot 56 in Block 1 of Ed Bews Subdivision, according to the plat thereof, filed in Book 19 of Plats at Pages 1226 and 1227, records of Ada County, Idaho.

>   Commonly known as: 1008 S. Laredo Circle, Boise, Idaho  83705

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By:  Neilson, Inc., Trustee of 1008 S. Laredo
Circle Trust
By:  Keith S. Borup, President


STATE OF IDAHO    )
                                      ) ss
COUNTY OF ADA    )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.


_____
NOTARY PUBLIC
My Commission Expires: _____


QUITCLAIM DEED – PAGE 1

# EXHIBIT 15

## QUITCLAIM DEED

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **407 S. Garden Street Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee**, whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho 83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

That portion of Lot 1, Block 6, Scott's Fourth Subdivision, according to the official plat thereof, filed in Book 2 of Plats at Page 60, records of Ada County, State of Idaho, more particularly described as follows:

Commencing at the steel rod at the Northeast corner of Lot 1 in said Block 6; thence South along the East boundary line of Lot 1 in Block 6, 150 feet to the POINT OF BEGINNING; thence West 133 feet to a point; thence North 62 feet to a point; thence East 133 feet to a point on the East line of said Lot 1 in Block 6; thence South 62 feet to the POINT OF BEGINNING.

Commonly known as: 407 S. Garden Street, Boise, Idaho 83705

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By: Neilson, Inc., Trustee of 407 S. Garden
Street Trust
By: Keith S. Borup, President

QUITCLAIM DEED – PAGE 1

STATE OF IDAHO   )
                 ) ss
COUNTY OF ADA   )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 2

# EXHIBIT 16

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **4902 W. Gage Street Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee**, whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho 83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

> The South 135 feet of Tract 5 of Woodford and Miller Subdivision of Lot 3 in Block 26 of Scotts Second Subdivision, according to the official plat thereof, filed in Book 6 of Plats at Page 276, records of Ada County, Idaho.

> Commonly known as: 4902 W. Gage Street, Boise, Idaho 83706

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By: Neilson, Inc., Trustee of 4902 S. Gage Street Trust
By: Keith S. Borup, President


STATE OF IDAHO )
                   ) ss
COUNTY OF ADA )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.


_____
NOTARY PUBLIC
My Commission Expires: _____


QUITCLAIM DEED – PAGE 1

# EXHIBIT 17

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **10085 W. Tudor Drive Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee**, whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho  83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

Lot 13 in Block 6 of Camelot No. 1 Subdivision, according to the official plat thereof, filed in Book 27 of Plats at Page 1676, records of Ada County, Idaho.

Commonly known as:  10085 W. Tudor Drive, Boise, Idaho  83704

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By:  Neilson, Inc., Trustee of 10085 W. Tudor
Drive Trust
By:  Keith S. Borup, President

STATE OF IDAHO    )
                               ) ss
COUNTY OF ADA    )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1

# EXHIBIT 18

## QUITCLAIM DEED

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **1411 S. Juanita Street Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee**, whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho  83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

> Lot 16 of College Subdivision, according to the official plat thereof, filed in Book 11 of Plats at Page 554, records Ada County, Idaho.

> Commonly known as:  1411 S. Juanita Street, Boise, Idaho  83706

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____
By:  Neilson, Inc., Trustee of 1411 S. Juanita
Street Trust
By:  Keith S. Borup, President


STATE OF IDAHO   )
                 ) ss
COUNTY OF ADA   )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.


_____
NOTARY PUBLIC
My Commission Expires: _____


QUITCLAIM DEED – PAGE 1

# EXHIBIT 19

<u>QUITCLAIM DEED</u>

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **Evan and Bernice Stewart Family Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee**, whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho 83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

> Lot 1 in Block 1 of Borup Subdivision, according to the official plat thereof, filed in Book 99 of Plats at Pages 12667-12669, official records of Ada County, Idaho.

> Commonly known as: 8559 West Evening Star Drive, Boise, Idaho 83709

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____

By: Neilson, Inc., Trustee of Evan and
Bernice Stewart Family Trust
By: Keith S. Borup, President

STATE OF IDAHO   )
                 ) ss
COUNTY OF ADA   )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1

# EXHIBIT 20

QUITCLAIM DEED

FOR VALUABLE CONSIDERATION, the adequacy and receipt of which is hereby acknowledged, **Morgan and Ella House Family Trust**, hereinafter "Grantor," does release and forever quitclaim unto the **Bankruptcy Estate of Keith and Judith Borup (Case No. 10-02944-TLM), Richard Crawforth, Trustee**, whose address is 410 S. Orchard St., Ste. 172, Boise, Idaho  83705, collectively "Grantee," and to their successors and assigns, all right, title and interest which Grantor now has or may hereafter acquire in the following described real property in Ada County, State of Idaho, to wit:

Lot 9 in Block 4 of Tuthill Estates #2, according to the official plat thereof, filed in Book 69 of Plats at Pages 7072 and 7073, official records of Ada County, Idaho.

Commonly known as:  2543 N. Morello Avenue, Meridian, Idaho 83646

TO HAVE AND TO HOLD, all and singular the said premises, together with all appurtenances, unto Grantee, and to his heirs and assigns forever.

WITNESS the hand of said Grantor this _____ day of _____, 2012.

_____

By:  Neilson, Inc., Trustee of Morgan and Ella House Family Trust
By:  Keith S. Borup, President

STATE OF IDAHO   )
                 ) ss
COUNTY OF ADA    )

On this _____ day of _____, 2012, before me, a Notary Public, personally appeared KEITH S. BORUP, known or identified to me (or proved to me on the oath of credible witness) to be the President of Neilson, Inc., the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
NOTARY PUBLIC
My Commission Expires: _____

QUITCLAIM DEED – PAGE 1