Kimbell D. Gourley/ISB No. 3578
JONES ♦ GLEDHILL ♦ FUHRMAN ♦ GOURLEY, P.A.
The 9th & Idaho Center
225 N. 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email: kgourley@idalaw.com

Attorneys for Richard Crawforth, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In the matter of: | ) |
| --- | --- |
| | ) Case No.: 10-02944-TLM |
| KEITH STEWART BORUP and JUDITH ANN BORUP, | ) |
| | ) **Chapter 7** |
| | ) |
| Debtors. | ) |

### TRUSTEE'S OBJECTION TO CLAIM AND NOTICE

TO:   TODD McCOLLOCH
3244 S. ROOKERY LANE
BOISE, ID 83706

YOU ARE HEREBY NOTIFIED that the Trustee of the above estate has objected to the allowance of your Claim No. 2, filed on March 25, 2011, and amended on May 22, 2013 (the "Claim").

YOU ARE FURTHER NOTIFIED that if the objection is a matter that can be corrected by filing an amended claim, you may do so prior to the hearing date. <u>Failure to</u>

TRUSTEE'S OBJECTION TO CLAIM AND NOTICE - - 1

<u>file a written response will result in the Trustee requesting that the Court enter an order disallowing the claim to the extent objected to without further notice.</u>

**TRUSTEE'S OBJECTION**

(1)  **2007 Bonus Claim:**

    a.    McColloch claims he was to be paid a bonus in 2007 based upon 4% of Borup Construction, Inc.'s ("BCI") net income for 2006. He claims this bonus should have been in the sum of $33,533.00 (the "Bonus") based upon alleged net income of $838,320.00;

    b.    McColloch filed an action against BCI in the Fourth Judicial District of the State of Idaho, in and for the County of Ada, Case No. CV OC 0907593 (the "State Action");

    c.    A true and correct copy of the Verified Complaint filed in the State Action is attached hereto as <u>Exhibit A</u> (the "Complaint").

    d.    Count One of the Complaint alleges a wage claim and Count Two of the Complaint alleges a claim for the Bonus.

    e.    On the 20th day of April, 2011, Judge Bail in the State Action granted McCullock partial summary judgment on his wage claim, but did not address the Bonus claim;

    f.    A true and correct copy of Judge Bail's Memorandum Decision is attached hereto as <u>Exhibit B</u> (the "Memorandum Decision");

    g.    Idaho Code Section 45-614 sets forth a two year statute of limitations on wage claims. Thus, it appears the statute of limitations bars the claims against Keith

**TRUSTEE'S OBJECTION TO CLAIM AND NOTICE - - 2**

Borup because they expired prior to the bankruptcy being filed on September 10, 2010; and

    h.    In addition, the Bonus claim if owed is not owed by Keith Borup, but rather is owed by BCI.

**(2)**     <u>**Fraudulent Conveyance Claims:**</u>

    a.    McColloch claims various fraudulent conveyances occurred during the period October 2006 through July 2009. These transfers appear to have been from one Borup entity to another Borup entity;

    b.    Idaho Code §55-918 sets forth a four year statute of limitations on fraudulent conveyance actions. Thus, these claims are barred against all of the various Borup entities and some or all may be barred against Keith Borup. In any event, an adversary proceeding is required and no adversary proceeding has been filed to date;

    c.    The Bankruptcy Code, specifically §108(c), sets forth that the statute of limitations against the debtor is the regular state law statute of limitations period or 30 days after termination of the automatic stay, whichever is later;

    d.    The fraudulent conveyance claims are barred by the applicable statute of limitations; and

    e.    Keith Borup and the Bankruptcy Estate are not transferees of the alleged fraudulent conveyances.

**(3)**     <u>**Alter Ego Claims:**</u>

    a.    Mr. McColloch asserts essentially all of the various Borup entities are alter egos of Keith Borup;

TRUSTEE'S OBJECTION TO CLAIM AND NOTICE - - 3

b.  Idaho Code §5-237 sets forth a three year statute of limitations for claims against directors and shareholders;

c.  Idaho Code §5-224 sets forth a four year statute of limitations for all claims not specifically covered by another statute of limitations;

d.  The Judith Borup was discharged on May 23, 2012 (Docket #95) and Keith Borup waived his discharge (Docket #79) on March 21, 2012;

e.  The alleged alter ego claims are against Borup entities, and, are barred by the applicable statute of limitations; and

f.  No adversary proceeding has been filed.

WHEREFORE, the Trustee requests the court to disallow Todd McCulloch's claim in full. The Trustee requests oral argument.

## NOTICE OF HEARING

NOTICE IS HEREBY GIVEN that Chapter 7 Trustee, Richard Crawforth, by and through his attorneys of record, Jones ♦Gledhill ♦Fuhrman ♦Gourley, P.A., will call on for hearing his Objection to Claim before the above-entitled court on the 21st day of October, 2013, at 1:30 o'clock, p.m., or as soon thereafter as counsel may be heard, at the United States Courthouse & Federal Building, 550 West Fort Street, Fifth Floor, Boise, Idaho before the Honorable Judge Terry Myers.

DATED this 13th day of September, 2013.

                    JONES ♦GLEDHILL ♦FUHRMAN ♦GOURLEY, P.A.

          By _____
             Kimbell D. Gourley
             Attorneys for Chapter 7 Trustee, Richard E. Crawforth

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of September 2013, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System which sent a Notice of Electronic Filing to the following persons:

| |
|---|
| D. Blair Clark – dbc@dbclarklaw.com |
| Richard E. Crawforth - REC-7TTE@cableone.net |
| U.S. Trustee – ustp.region18.bs.edf@usdoj.gov |
| Matthew K. Shriver – ecfid@rcflegal.com |
| Trevor L. Hart – tlh@perrylawpc.com |
| Matthew T. Christensen – mtc@angstman.com |
| Patrick J. Geile – pgeile@foleyfreeman.com |
| Jeffrey P. Kaufman – Jeffrey@dbclarklaw.com |
| Shannon M. Clark – ecfid@rcolegal.com |
| Lance E. Olsen – ecfid@reflegal.com |
| Jeremy Gugino – Gugino@cableone.net |

Additionally, I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

| |
|---|
| Keith S. Borup and Judith A. Borup<br>2090 Freedom Lane<br>Meridian, ID 83646 |
| Richard Thurber<br>Coldwell Banker<br>1173 E. Winding Creek Dr.<br>Eagle, ID 83616 |

**TRUSTEE'S OBJECTION TO CLAIM AND NOTICE - - 5**

| Jude Gary |
| Metropolitan Real Estate |
| 7080 Sorenson |
| Boise, ID 83709 |
| Todd McCulloch |
| 3244 S. Rookery Lane |
| Boise, ID 83706 |

_____
Kimbell D. Gourley

TRUSTEE'S OBJECTION TO CLAIM AND NOTICE - - 6



Aaron C. Charrier (ISB No. 6584)
Fredric V. Shoemaker (ISB No. 1687)
William C. Tharp (ISB No. 3499)
Lisa McGrath (ISB No. 7769)
GREENER BURKE SHOEMAKER P.A.
950 West Bannock Street, Suite 900
Boise, ID 83702
Telephone: (208) 319-2600
Facsimile: (208) 319-2601
Email: *acharrier@greenerlaw.com*
    *lmcgrath@greenerlaw.com*

Attorneys for Plaintiff Todd McCulloch

IN THE DISTRICT COURT FOR THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| TODD MCCULLOCH,<br><br>            Plaintiff,<br><br>v.<br><br>BORUP CONSTRUCTION, INC., an Idaho corporation,<br><br>            Defendant. | Case No. **CV OC 0907593**<br><br>**VERIIED COMPLAINT FOR WAGE CLAIM AND APPLICATION TO INSPECT AND COPY BUSINESS RECORDS** |

Plaintiff Todd McCulloch, by and through his counsel of record, Greener Burke Shoemaker P.A., hereby alleges a claim for wages against Borup Construction, Inc. ("BCI") and applies to this Court for an expedited Order allowing Plaintiff to inspect and copy the corporate and financial records of BCI including all correspondence as such relates to BCI's assets, debts and obligations allegedly due and owing from BCI to Keith Borup, Dean Borup, and all entities controlled by the Borups.



VERIFIED COMPLAINT FOR WAGE CLAIM AND APPLICATION TO INSPECT AND C
RECORDS - Page 1

## PARTIES

1. Plaintiff is an individual who, at all relevant times, resided in Ada County, State of Idaho. Plaintiff is a shareholder and former employee of BCI.

2. BCI is a corporation duly organized and existing under the laws of the State of Idaho with its principal place of business in Meridian, Idaho.

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to Idaho Code ("I.C.") §§ 1-705, 5-514, and 30-1-1604. This case is properly before this Court because BCI's principal office is located in Ada County, and the amount in controversy, exclusive of costs and attorney fees, exceeds this Court's minimum jurisdictional requirements.

4. Venue is proper in Ada County, State of Idaho pursuant to I.C. § 5-404.

## GENERAL ALLEGATIONS

5. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs contained in this complaint as if set forth in full herein.

6. In or about June 2000, Plaintiff began employment with BCI, a closely-held corporation managed and controlled by two (2) brothers: namely, Keith Borup and Dean Borup. Luis Rivera, the Borups' brother-in-law also owns a minority interest in BCI.

7. On or around January 1, 2006, Plaintiff paid $24,000 in exchange for a six percent (6%) ownership interest in BCI.

8. On January 8, 2009, BCI terminated Plaintiff's employment but Plaintiff continues to own at least a six percent (6%) interest in BCI.

9. At the time of Plaintiff's termination, BCI owed $1,202.82 for the pay period beginning January 1, 2009 and ending January 8, 2009.

10. Four days following Plaintiff's termination, he sent a certified letter demanding that his final paycheck be delivered immediately or made available for pick-up.

11. BCI received Plaintiff's certified letter on January 14, 2009, which it did not acknowledge until January 21, 2009.

12. On February 2, 2009, BCI finally paid Plaintiff One Thousand Two Hundred Two Dollars and Eighty-Two Cents ($1,202.82).

13. BCI also agreed to pay Plaintiff a bonus once it filed its 2006 corporate income tax return in an amount equal to four percent (4%) of BCI's 2006 net income ("2007 Bonus").

14. BCI filed its 2006 corporate income tax return on June 14, 2007, reporting $838,320 in net income for 2006; therefore owing Plaintiff $33,532.80 at that time.

15. BCI never paid Plaintiff the due and owing 2007 Bonus, and to date, still owes Plaintiff $33,532.80.

16. In part, as a tax planning strategy for the profits earned by BCI in 2006, BCI's shareholders decided to form BFLP, a family limited partnership, and transfer real estate owned by BCI to BFLP in an amount equal to the BCI shareholders' respective 2006 profits. The BCI shareholders also formed TLKD, Inc. to act as the General Partner of BFLP.

17. To that end, BCI quitclaim deeded Lots 90-97 and Lots 99-104 Block 18 Champion Park Subdivision No. 5 situated in Ada County, Idaho ("Property") to BFLP.

18. In exchange for the Property transfer, BFLP authorized the issuance of 10,000 ownership units to the following: Keith Borup – 3,960; Dean Borup – 3,960; Luis Rivera – 990; Plaintiff – 990; and TLDK, Inc. – 100.

19. The Borups, Rivera and Plaintiff then gifted to Teen Challenge, an Idaho 501(3)(c), all their units in BFLP except each retained the following: Keith Borup - .4%; Dean Borup - .4%; Luis Rivera - .1%; and Plaintiff - .1%.

20. TLDK, the general partner of BFLP, received 1% of the BFLP ownership units.

21. Presently, BFLP is owned as follows: Teen Challenge – 98%; TLDK – 1%; Keith Borup - .4%; Dean Borup - .4%; Luis Rivera - .1%; and Plaintiff - .1%.

22. Plaintiff discovered that after the Property was transferred to BFLP, Keith Borup gave a deed of trust to Bank of the Cascades to secure a promissory note dated October 18, 2007, in the amount of $734,250. The borrower on the promissory note is BCI, not BFLP and it is unclear as to whether BFLP received value, consideration or any benefit from BCI in the amount of $734,250. Additionally, this encumbrance was granted without disclosure to any of the limited partners in TLDK or BFLP and without disclosure to the shareholders of BCI.

23. Plaintiff has also discovered a number of financial obligations allegedly due and owing by BCI to Keith Borup, Dean Borup, and a number of entities controlled by Keith and Dean Borup. Keith Borup, Dean Borup and their own respective entities have encumbered the assets of BCI to secure payment of these alleged obligations.

24. On February 26, 2009, Plaintiff, in good faith, sent a certified letter to BCI, Keith Borup and Dean Borup, pursuant to I.C. § 30-1-1601 *et seq*. and BCI's By-Laws, requesting to inspect and copy BCI's corporate and accounting records.

25.  To date, the Borups have refused to make the corporate records available to Plaintiff for inspection.

## COUNT ONE
### Violation of I.C. § 45-601 *et seq.* (Regular Wages)

26.  The Plaintiff realleges and incorporates by reference each of the foregoing paragraphs contained in this complaint as if set forth in full herein.

27.  Pursuant to I.C. § 45-606(1), the Plaintiff sent BCI a certified letter on January 12, 2009, demanding that BCI immediately deliver or make available for pick-up his final paycheck. BCI received the Plaintiff's written demand on January 14, 2009.

28.  The Plaintiff did not receive a final paycheck in the amount of $1,202.82 from BCI until February 2, 2009.

29.  Because BCI did not pay the Plaintiff the wages due and owing to him within forty-eight (48) hours of January 14, 2009, pursuant to I.C. § 45-606(1), the Plaintiff is entitled to treble damages under I.C. § 45-615(2), and attorney fees and costs.

## COUNT TWO
### Violation of I.C. § 45-601 *et seq.* (2007 Bonus)

30.  The Plaintiff realleges and incorporates by reference each of the foregoing paragraphs contained in this complaint as if set forth in full herein.

31.  Plaintiff's 2007 Bonus constitutes "wages" within the meaning of I.C. § 45-601(7) in that it was compensation for labor and services rendered by the Plaintiff as an employee of BCI.

32.  To date, BCI has failed to pay the Plaintiff any portion of his 2007 Bonus in the amount of $33,532.80.

33. BCI's failure to pay the Plaintiff his 2007 Bonus in the amount of $33,532.80 pursuant to the parties' agreement has denied the Plaintiff wages in violation of the Idaho Wage Claim Act.

34. As a consequent and proximate result of BCI's wrongful refusal to pay wages to the Plaintiff, the Plaintiff has suffered damages in an amount to be proven at the time of trial, but which amount exceeds the minimum jurisdictional requirements of this Court. The Plaintiff is also entitled to treble damages pursuant to I.C. § 45-615(2).

## COUNT THREE
### Application for Court-Ordered Inspection of BCI's Records

35. The Plaintiff realleges and incorporates by reference each of the foregoing paragraphs contained in this complaint as if set forth in full herein.

36. On February 26, 2009, in good faith, Plaintiff sent a certified letter to BCI, Keith Borup and Dean Borup, pursuant to I.C. § 30-1-1601 *et seq.* and the company's By-Laws.

37. To date, BCI has failed and refused to provide Plaintiff access to BCI's corporate and financial records including all corporate correspondence.

38. Plaintiff therefore applies to this Court for an Order permitting Plaintiff to inspect, examine, and copy BCI's corporate and financial records as well as all correspondence relating to BCI's income, debt, and assets.

39. Pursuant to I.C. § 30-1-1604(2), Plaintiff requests the inspection on an expedited basis.

**WHEREFORE**, the Plaintiff prays for judgment as follows:

1. That this Court enter judgment against the Defendant in an amount equal to the damages Plaintiff has suffered;

2. That this Court award the Plaintiff treble damages pursuant to I.C. § 45-615(2);

3. That the Court award the Plaintiff pre-judgment and post-judgment interest;

4. That the Court enter an expedited order permitting the Plaintiff to inspect and copy the Defendant's corporate records pursuant to I.C. § 30-1-1604(2);

5. That the Court order Defendant to pay the Plaintiff's costs, including reasonable counsel fees incurred to obtain the inspection order pursuant to I.C. § 30-1-1604(3);

6. That the Court award costs and attorney fees for prosecution of this action pursuant to I.C. §§ 12-120, 12-121, 30-1-1604(3), 45-615(2), and Rule 54 of the Idaho Rules of Civil Procedure; and

7. That the Court award Plaintiff all other relief as the Court may deem just, proper, and equitable.

DATED THIS 21st day of April, 2009.

GREENER BURKE SHOEMAKER P.A.

By: *[signature]*
Aaron C. Charrier
Lisa M. McGrath
Attorneys for Plaintiff

## VERIFICATION

STATE OF IDAHO    )
                  ) ss.
County of Ada     )

I, Todd McCulloch, have read the foregoing **Verified Complaint for Wage Claim and Application to Inspect and Copy Business Records** and its contents. I am informed and believe that the matters stated therein are true and on that ground certify or declare under penalty of perjury under the laws of the State of Idaho that the same are true and correct.

EXECUTED this __21__ day of April, 2009, at Boise, Idaho.


__Todd McCulloch__                              _/s/ T. McCulloch_
   (Type or Print Name)                              Signature

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF
IDAHO, IN AND FOR THE COUNTY OF ADA

NO._____
FILED 2:30
APR 20 2011
CHRISTOPHER D. RICH, Clerk
By CAROL LUEDTKA
DEPUTY

TODD MCCULLOCH, ) Case No.: CV OC 0907593
      Plaintiff, ) DECISION AND ORDER RE: MOTION
) FOR SUMMARY JUDGMENT
vs. )
)
BORUP CONSTRUCTION, INC., an Idaho )
corporation, )
)
      Defendant )

This case is currently before the Court on the plaintiff's motion for summary judgment with respect to Count One of his Complaint. Oral argument was heard on April 20, 2011.

## I.

### Standards for Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits, and discovery documents before the court establish that no genuine issue of material fact are in dispute and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *State v. Maybee*, 148 Idaho 520, 224 P.3d 1109, 1115 (2010); *Baxter v. Craney*, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). The burden of establishing the absence of a genuine issue of material fact rests at all times with the party moving for summary judgment. *Finholt v. Cresto*, 143 Idaho 894, 896, 155 P.3d 695, 697 (2007).

In considering a summary judgment, the record must be construed in the light most favorable to the party opposing the motion, drawing all reasonable inferences in that party's favor. *Id.* If reasonable people could reach different conclusions or inferences from the evidence, the motion must be denied. *Id.* However, the nonmoving party must submit more than



EXHIBIT B

SUMMARY JUDGMENT - 1

just conclusory assertions that an issue of material fact exists to withstand summary judgment. *Id.* at 896-97, 155 P.3d at 697-98. A mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment. *Id.* at 897, 155 P.3d at 698. Instead, the nonmoving party must respond to the summary judgment motion with specific facts showing there is a genuine issue for trial. *Samuel v. Hepworth, Nungester & Lezamiz, Inc.*, 134 Idaho 84, 87, 996 P.2d 303, 306 (2000). After the moving party has met its burden in proving that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence that would lead to such an issue. *Celotex v. Cattret*, 447 U.S. 317, 330 (1986), adopted in Idaho by *Nelson v. Anderson Lumber Co.*, 140 Idaho 702, 707, 99 P.3d 1092, 1097 (Ct. App. 2004). If non-moving party fails to produce such evidence, then summary judgment is appropriate. *Id.*

## II.

## Undisputed Facts

1. Todd McCulloch began employment with Borup Construction Inc. in June 2000.
2. January 8, 2009 was his last day of employment.
3. On January 12, 2009 he made demand for delivery of his final paycheck by certified mail
4. Borup Construction Inc. issued Todd McCulloch a check for $1,202.82 dated January 21, 2009.

## III.

## Analysis

Under Idaho law, after termination, an employer is required to pay earned wages due within 48 hours after a written request. I.C. § 45-606(1). I.C. § 45-606(1) provides:

> Upon layoff or termination of employment by either the employer or employee, the employer shall pay or make available at the usual place of payment all wages then due the employee by the earlier of the next regularly scheduled payday or within ten (10) days of such layoff or termination, weekends and holidays excluded. <u>However, if the employee makes written request upon the employer for earlier payment of wages, all wages then due the employee shall be paid within forty-eight hours of such request, weekends and holidays excluded</u>. (emphasis added)

The plaintiff made a written request which required the employer to pay him his wages then due within forty-eight hours. It is undisputed that more than forty-eight hours passed before Borup Construction Inc. sent him the wages he was due.

In this case, Borup Construction Inc. asserts that they tried to determine if he wanted his check or to retain certain equipment which they contended was worth more than he was owed and called him to find out what he wanted to do. He did not respond to multiple phone calls. Borup Construction Inc. contends that its multiple phone calls on January 15 or 16 to find out about the equipment constituted a tender. There is no dispute that a check containing the amount of his final wages was cut on January 21, 2009.

None of Borup's actions constituted a complying tender under Idaho law. In *Smith v. Idaho Peterbilt, Inc.* 106 Idaho 846, 683 P.2d 882 (Ct. App. 1984), the Idaho Court of Appeals addressed the requirements of an actual tender under the Idaho Wage Claim Act and also held that no proof was required that unpaid compensation was "wrongfully" withheld to justify the trebling of damages. In *Smith v. Idaho Peterbilt, Inc.*, the employer argued that there was an "honest business dispute" and that it was justified in withholding the payment of commissions and that treble damages could not be awarded. The Court of Appeals rejected the employer's argument. It held that any tender made under the Act must be unconditional. It further rejected the employer's argument that any tender would have been a futile gesture because the employee

SUMMARY JUDGMENT - 3

was claiming a greater sum than that eventually found to be due. It concluded that an actual tender must be made in fact to relieve an employer from the running of the statutory penalty.

In order to elevate an act to the level of "tender," the law requires a "real, present, physical offer" to pay. *Owens v. First Nat. Bank*, 103 Idaho 465, 466, 649 P.2d 1221, 1222 (Idaho App. 1982). The offer must unconditionally include the amount of the debt as fixed by law. *Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 749-750, 215 P.3d 457 (2009). A spoken offer accompanied by the actual, present ability to pay does not constitute "tender" in the absence of some physical signifier of payment. *Owens*, 103 Idaho at 466, 649 P.2d at 1222. In *Pollard Oil v. Christensen*, 103 Idaho 110, 116, 625 P.2d 334, 340 (1982), the Idaho Supreme Court held that a valid tender was not a mere offer to pay, but required that the party making the tender "have the money present and ready, and produce and actually offer it to the other party...The law requires an actual, present, physical offer; it is not satisfied by a mere spoken offer to pay...." *Id.* at 116. The attachment of an improper condition to a tender renders a tender ineffective. *Brinton v. Haight*, 125 Idaho 324, 329, 870 P.2d 677 (Ct. App 1994).

In this case, Borup Construction Inc. never made a tender. Its spoken offer was not unconditional nor was it accompanied by any actual, present ability to pay. Inquiring of Mr. McCulloch by a voice mail if he wanted certain property or his paycheck does not constitute a tender under Idaho law. It did not actually present Mr. McCullough with any payment within forty-eight hours.

The plaintiff is entitled to summary judgment on Count One of his Complaint. He is entitled to treble damages with respect to his final paycheck. Since his motion did not address the other counts, neither will the Court.

It is so ordered.

SUMMARY JUDGMENT - 4

Dated this 20th day of April, 2011

*[signature]*
Deborah A. Bail
District Judge

*[Clerk's certification stamp: State of Idaho, County of Ada — Christopher D. Rich, Clerk of the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, do hereby certify that the foregoing is a true and correct copy of the original on file in this office. In witness whereof I have hereunto set my hand and affixed my official seal this ___ day of September, 20__.]*

SUMMARY JUDGMENT - 5

# CERTIFICATE OF MAILING

I hereby certify that on this 21st of April, 2011, I mailed (served) a true and correct copy of the within instrument to:

TODD MCCULLOCH
3244 SOUTH ROOKERY LANE
BOISE ID  83706

D BLAIR CLARK
JEFFREY KAUFMAN
ATTORNEY AT LAW
1513 TYRELL LANE SUITE 130
BOISE ID  83706


CHRISTOPHER D. RICH
Clerk of the District Court

By: _____
Deputy Court Clerk